UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

8920/tzo

PHARMA SUPPLY, INC.,
    *Plaintiff*,

v.

CASE NO. 14-cv-80374-JIC

MITCHELL A. STEIN and
STEIN LAW, P.C.,
    *Defendants*.
_____/

**PLAINTIFF'S MOTION TO
DISQUALIFY DEFENSE COUNSEL**

**COMES NOW,** the Plaintiff, PHARMA SUPPLY, INC. ("Pharma"), by and through its undersigned counsel and pursuant to rules 7.1 and 11.1 of the Local Rules of the Southern District of Florida, and hereby files this Motion to Disqualify Bradley R. Slenn from representing the Defendants, MITCHELL A. STEIN ("Stein") and STEIN LAW, P.C. ("Stein Law"), in this action, and states:

**I.    Introduction**

    1.    In 2008, Diagnostic Devices, Inc. ("DDI") sued, among other defendants, Pharma in North Carolina.[1] (Compl. [DE 1] ¶ 10.) Pharma removed the action to the U.S. District Court for the Western District of North Carolina.[2] In 2009, Pharma hired Stein and Stein Law to defend the DDI litigation. (*Id.* ¶ 11.)

    2.    DDI also sued a Taiwanese company, TaiDoc Technology Corporation ("TaiDoc"), in a separate action, which, on June 18, 2010, was consolidated with the suit

---

[1] DDI originally filed its action, bearing case number 08CVS4628, in Mecklenburg County (NC) Superior Court.

[2] The district court clerk in North Carolina assigned the removed action case number 3:08-cv-00149-MOC. The removed action is hereafter referred to as the "DDI litigation."

against Pharma.[3]   Bradley Slenn (currently a partner at Defendant Stein Law) defense counsel herein and at the time an associate at the Pennsylvania firm Ryder, Lu, Mazzeo & Konieczny, moved on July 21, 2011, to appear pro hac vice for TaiDoc in the DDI litigation.[4]

3.   During the DDI litigation, while Stein represented Pharma and Slenn represented TaiDoc, Slenn communicated with potential experts by claiming to be working with Stein.  (Correspondence dated February 12, 2012, from Slenn to Dr. Steven Gutman, attached hereto as Exhibit A.)

4.   Pharma settled with DDI on March 11, 2012.  (*Id.* ¶ 33.)[5]  On March 13 and 14, 2012, the North Carolina court made oral orders allowing Stein to represent TaiDoc.[6] Stein immediately assumed TaiDoc's defense in the DDI litigation.  Stein never obtained Pharma's consent to his representation of TaiDoc.  (*Id.* ¶ 35.)  Slenn never withdrew as counsel for TaiDoc.  In fact, Slenn attended the jury trial as counsel for TaiDoc.[7]

5.   In May 2012, Stein, having never terminated his representation of Pharma, and without securing a waiver of conflict of interest, brought Slenn into Pharma's representation, indicating that Slenn would serve as the lead in attempting to collect from

---

[3] The Order consolidating the cases is Docket Entry 99 in the DDI litigation.

[4] Slenn's Motion is Docket Entry 133 in the DDI litigation; the Order granting Slenn pro hac vice status is Docket Entry 134.

[5] The Stipulation of Dismissal is Docket Entry 235 in the DDI litigation.

[6] *See* the docket in the DDI litigation.  There are no Docket Entry numbers corresponding to the oral orders.

[7] *See* numerous minute entries on the docket of the DDI litigation.

insurer Zurich North America.  (Correspondence from Stein, dated May 15, 2012, attached hereto as Exhibit B.)  Slenn formed an attorney-client relationship with Pharma and represented Pharma in various matters.

  6. By at least June 2012, Slenn had formed a formal (Of Counsel) association with Stein's firm, using the firm's email and physical address in correspondence. (Correspondence dated June 22, 2012, from Slenn to Pharma's insurer, attached hereto as Exhibit C.)

  7. Pharma has sued Stein and Stein Law for professional negligence in the handling of Pharma's defense in the DDI litigation.[8]  (Compl. [DE 1] ¶ 35.)  Slenn has appeared herein as counsel of record for the Defendants.  (Mot. to Dismiss [DE 11].)  In fact, the Certificate of Service on the Defendants' Motion to Dismiss lists Slenn as a member, employee, or associate of Defendant Stein Law.[9]  (*Id.*)

  8. For violations of the Rules Regulating the Florida Bar and this Court's standards of professional conduct, Pharma now moves to disqualify Slenn.

## II. Legal Standard for Motions to Disqualify

  9. A party seeking to disqualify opposing counsel bears the burden of proving the grounds for disqualification.  *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006) (citing *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003)).

---

[8] Pharma has also sued to recover on loans made to Stein.  (Compl. [DE 1] ¶¶ 29-32, 40, 60-64.)  The funds in one of the loans were transferred via wire to Slenn's attorney trust account, at Stein's direction.

[9] Again, Slenn's email address is a Stein Law email address.

10. "[A]ttorneys are bound by the local rules of the court in which they appear." *Id.* The Rules Regulating the Florida Bar govern the professional conduct of members of the bar of this Court.  S.D. Fla. L.R. 11.1(c); *see also Suchite v. Kleppin*, 784 F. Supp. 2d 1343, 1345 (S.D. Fla. 2011).

11. When disqualification is sought based on violation of an ethical rule, the Court must identify the specific rule the attorney violated.  *Herrmann*, 199 F. App'x at 752 (citing *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997)).

12. Although there is a presumption that a party is entitled to the counsel of its choice, that presumption and party choice may be overridden where, as here, compelling reasons exist.  *See In re Bellsouth*, 334 F.3d at 961.

13. To disqualify opposing counsel based on a former-client conflict of interest, the moving party must show that:

> (1) an attorney-client relationship existed, thereby giving rise to an irrefutable presumption that confidences were disclosed during the relationship, and (2) the matter in which the [attorney] subsequently represented the interest adverse to the former client [is] the same or substantially related to the matter in which it represented the former client.

*St. Farm Auto. Ins. Co. v. K.A.W.*, 575 So. 2d 630, 633 (Fla. 1991) (citing *Ford v. Piper Aircraft Corp.*, 436 So. 2d 305, 305 (Fla. 5th DCA 1983); *Sears, Roebuck & Co. v. Stansbury*, 374 So. 2d 1051, 1051 (Fla. 5th DCA 1979)); *see also Shivers v. Int'l Bhd. Of Elec. Workers Local Union 349*, 262 F. App'x 121, 126-27 (11th Cir. 2008) (quoting *Cox c. Am. Cast Iron Pipe Co.*, 847 F.2d 725, 728 (11th Cir. 1988) (internal citation omitted); *Bedoya v. Aventura Limousine & Transp. Serv., Inc.*, No. 11-cv-24432, 2012 WL 1534488, at *2 (S.D. Fla. Apr. 30, 2012) (citing *K.A.W.*).

### III. The Rules Regulating the Florida Bar

14. Several different provisions of the Rules Regulating the Florida Bar[10] (the "Rules") directly impact this litigation and the permissibility of Slenn acting as counsel for the Defendants herein.

    A. Rule 4-1.7

15. A lawyer may not represent a client if there is a substantial risk that the representation of a client will be materially limited, *inter alia*, by the lawyer's responsibilities to another client or a former client. Rule 4-1.7(a)(2). In order to overcome such a conflict of interest and permit the representation, each client must give informed consent, confirmed in writing or clearly state on the record. Rule 4-1.7(b)(4). Should an attorney undertake the representation of more than one client in a single matter, the attorney must explain the advantages and risks involved. Rule 4-1.7(c). Common representation is not permissible if the consultation requirements of subsection (c) are not met. Comment to Rule 4-1.7.

    B. Rule 4-1.9

16. When a lawyer has formerly represented a client, the lawyer is prohibited from representing another person in a substantially related matter in which the person's interests are materially adverse to the interests of the former client, absent the informed consent of the former client. Rule 4-1.9(a). A matter is substantially related if it involves the same transaction. Comment to Rule 4-1.9. The lawyer also may not use information

---

[10] In this Motion, a particular rule of the Rules Regulating the Florida Bar will be cited in the following format: Rule 4-1.1. Unless otherwise specified, a reference to a "Rule" is a reference to one of the Rules Regulating the Florida Bar.

obtained in the prior representation to the disadvantage of the former client or reveal that information except as otherwise permitted.  Rule 4-1.9(b)-(c).

    C.    <u>Rule 4-3.7</u>

17.    In the absence of exceptions not relevant here, a lawyer is prohibited from acting as an advocate in a trial in which the lawyer is likely to be a necessary witness. Rule 4-3.7.

**IV.    Violations of the Rules**

    A.    <u>Rule 4-1.7</u>

18.    Slenn acted as Pharma's attorney at least as of May 2012.[11] On June 22, 2012, on Stein Law letterhead, Slenn wrote to Pharma's insurer, advising that he represented Pharma and had "taken over coverage issues on [its] behalf." (Ex. C.) In the instant action, Pharma has sued Stein and Stein Law with respect to, among other matters, their handling of coverage issues.  It follows that Slenn's representation of Stein and Stein Law herein is prohibited because there is a substantial risk that the representation will be materially limited by Slenn's responsibilities—including the responsibility of protecting client confidences, *see* Rule 4-1.6—to Pharma, Slenn's former client.  *See* Rule 4-1.7(a)(2).  The existence of the prior attorney-client relationship between Slenn and Pharma creates the irrefutable presumption that Slenn obtained from Pharma confidential information during the representation.  *See Bedoya*, 2012 WL 1534488, at *2; *K.A.W.*, 575 So. 2d at 633.

---

[11] It must be remembered that, even in February 2012, before Pharma settled its portion of the DDI litigation, Slenn represented to outside parties that he was working with Pharma's attorney in the matter.  *See* ¶ 3, *supra*, and corresponding Ex. A.

19. Additionally, Slenn's representation of the Defendants is likely to be materially limited because Slenn is precluded from using or revealing the information he irrefutably obtained in the representation of Pharma. *See* Rule 4-1.9(b) & (c).

20. Because Pharma has not given informed consent, confirmed in writing or clearly stated on the record at a hearing, Slenn has not overcome the general prohibition. *See* Rule 4-1.7(b)(4).

21. Slenn may not represent the Defendants in this matter.

B.  Rule 4-1.9

22. To disqualify Slenn based on the conflict arising from his prior representation of Pharma, Pharma must show that there was a prior attorney-client relationship and that the matters in which Slenn formerly represented Pharma are the same or substantially related to the present matter. *See* ¶ 13 and accompanying citations.

23. As already stated, there can be no reasonable dispute that Slenn formerly acted as Pharma's attorney. (*See* Ex. C; *see also* correspondence dated February 12, 2013, from Slenn to Jay Tseng, attached hereto as Exhibit D.) Other examples of Slenn's representation of Pharma abound, and, should the Court so desire if the Defendants dispute the fact of the prior representation, are available for proffer at an evidentiary hearing.

24. For matters to be substantially related, the former matter "'need only be akin to the present action in a way reasonable persons would understand as important to the issues involved.'" *Bedoya*, 2012 WL 1534488, at *5 (quoting *Rentclub, Inc. v. Transam. Rental Fin. Corp.*, 811 F. Supp. 651, 656 (M.D. Fla. 1992) (internal quotation and citation omitted)); *see also McPartland v. ISI Inv. Servs., Inc.*, 890 F. Supp. 1029, 1031 (M.D. Fla.

1995).  According to the Florida Supreme Court, "[m]atters are 'substantially related'… if they involve the same transaction or legal dispute."  *Waldrep v. Waldrep*, 985 So. 2d 700, 702 (Fla. 4th DCA 2008) (quoting *In re Amendments to the Rules Regulating the Flo. Bar*, 933 So. 2d 417, 445 (Fla. 2006)); *see also Bedoya*, 2013 WL 1534488, at *6 (quoting *Waldrep*).

25.     Here, reasonable persons could not disagree that the matters are related in ways that are important to the issues involved.  Slenn represented TaiDoc in the litigation underlying the present suit against the Defendants.  Slenn also represented to outside parties that he was working with Pharma's counsel in that litigation. (Ex. A.)  Further, Slenn's representation of Pharma is directly related to the matters for which Pharma is here suing the Defendants; he represented Pharma in attempts to secure reimbursement for fees Pharma paid to the Defendants in that litigation. (Exs. C, D.)

26.     Rule 4-1.9 prohibits Slenn from representing the Defendants in this action.

C.      Rule 4-3.7

27.     Because of Slenn's extensive involvement in the underlying litigation, Slenn is likely to be called as a witness at the trial of this action.  Slenn may not serve as counsel in an action in which he appears as a witness.  *See* Rule 4-3.7

**V.     Precedent Supports Disqualifying Slenn**

28.     Disqualifying Slenn is in accordance with the case law that guides the Court.

29.     In *Herrmann v. Gutter Guard, Inc.*, three months into the case, a defendant moved to disqualify plaintiff's counsel based on the attorney's former firm's prior representation of the defendant, arguing that, through the *firm's* prior representation of the defendant, the attorney became privy to confidential information about the defendant.

199 F. App'x at 748, 750.  The district court granted the motion based on the attorney's violation of a Georgia rule of professional conduct essentially identical to Florida's Rule 4-1.9.  *See id.*  The Eleventh Circuit affirmed.  *Id.* at 757.  Here, Slenn directly represented Pharma.

30. This Court disqualified an attorney who had not even represented the challenging party in *Armor Screen Corp. v. Storm Catcher, Inc.*, 709 F. Supp. 2d 1309, 1311 (S.D. Fla. 2010).  There, the attorney had merely consulted as a potential expert witness and was nonetheless disqualified from representing the opposing side, based on violations of Rules 4-1.9 and 4-1.10, because of the unfair advantage he would have due to the confidential information he obtained while discussing employment as an expert.  *Id.*

## VI. Conclusion

31. The Rules Regulating the Florida Bar preclude Slenn from representing the Defendants in this matter.

## VII. Certificate of Conference

32. In accordance with Rule 7.1 of the Local Rules of the Southern District of Florida, the undersigned certifies that he has, on several occasions, attempted to confer with counsel for the Defendants, but has not been successful in securing agreement to the relief sought herein.

**WHEREFORE,** in light of the foregoing, the Plaintiff, PHARMA SUPPLY, INC., respectfully requests that this Honorable Court enter an order **DISQUALIFYING** Bradley R. Slenn, Esq., from representing the Defendants in this action, along with all other relief the Court deems proper and just.

June 17, 2014                         Respectfully submitted,

/s/ Domingo C. Rodriguez
Domingo C. Rodriguez, Esq. (FBN 394645)
domingo@rslawmiami.com
Sarah D. Schooley, Esq. (FBN 10083)
sarah@rslawmiami.com
**Rodriguez Schooley Law Firm, LLC**
2121 Ponce de Leon Blvd., Suite 430
Miami, Florida 33134
Tel: (305) 774-1477 ~ Fax: (305) 774-1075
*Counsel for Plaintiff*

And

James P. Schooley, Esq. (FBN 572470)
schooleylaw@att.net
**Schooley & Assoc., Inc.**
2322 SE 8th Street
Cape Coral, Florida 33990
Tel: (239) 574-3450 ~ Fax: (239) 574-3453
*Co-Counsel for Plaintiff*

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided on June 17, 2014, via CM/ECF, to all parties or counsel of record on the Service List below.

/s/ Domingo C. Rodriguez
Domingo C. Rodriguez, Esq.

## SERVICE LIST

Bradley R. Slenn, Esq.
STEIN LAW, P.C.
24 Woodbine Ave., Ste. 4
Northport, NY 11768