UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80374-CIV-COHN/SELTZER

PHARMA SUPPLY, INC.,

    Plaintiff,

v.

MITCHELL A. STEIN and STEIN LAW, P.C.,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISQUALIFY DEFENSE COUNSEL

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Disqualify Defense Counsel [DE 28] ("Motion"). The Court has reviewed the Motion, Defendants' Opposition [DE 34], and Plaintiff's Reply [DE 37], and is otherwise advised in the premises. For the reasons discussed herein, the Court will deny the Motion.

**I.   BACKGROUND**

    This action arises from the alleged professional negligence of Defendants Mitchell A. Stein and his law firm, Stein Law, P.C. ("Stein Law"), relating to the representation of a former client, Plaintiff Pharma Supply, Inc. ("Pharma Supply"). In March 2008, a third party, Diagnostic Devices, Inc., sued Pharma Supply for defamation, illegal competition, and interference with contracts (the "DDI Litigation"). DE 1 ¶ 10. Pharma Supply retained Defendants in April 2009 to represent its interests in the DDI Litigation. Id. ¶ 11. In the instant lawsuit, Pharma Supply alleges that Defendants' professional negligence during the DDI Litigation resulted in Pharma Supply's insurer, Zurich/Maryland Casualty ("Zurich"), refusing to reimburse Pharma Supply for its legal fees in the suit. Pharma Supply also takes issue with Defendants'

alleged disclosure of its confidential information to a co-defendant in the DDI Litigation and their failure to repay a loan. See generally id. ¶¶ 42–66.

In the Motion, Pharma Supply seeks to disqualify Defendants' attorney, Bradley Slenn, from representing either Defendant in this case. Slenn represented Pharma Supply's co-defendant, TaiDoc Technology Corp., during the DDI Litigation. DE 34 at 2. At the conclusion of the DDI Litigation, Slenn joined Stein Law as a partner. Id. Once affiliated with Stein Law, Slenn represented Pharma Supply in its attempts to obtain reimbursement from Zurich. Id. at 2–3; see also DE 28-4. When Pharma Supply later commenced this action against Stein and Stein Law, Slenn appeared as defense counsel. Pharma Supply now argues that Florida's Rules of Professional Conduct relating to conflicts of interest bar Slenn from representing Defendants in this suit, and seeks Slenn's disqualification on this basis. See generally DE 28.

## II. LEGAL STANDARD

"The party moving to disqualify counsel bears the burden of proving the grounds for disqualification." Armor Screen Corp. v. Storm Catcher, Inc., 709 F. Supp. 2d 1309, 1310 (S.D. Fla. 2010) (citing In re BellSouth Corp., 334 F.3d 941, 961 (11th Cir. 2003)). Disqualification of counsel is a drastic remedy that is applied sparingly. Id. (citing Norton v. Tallahassee Mem'l Hosp., 689 F.2d 938, 941 n.4 (11th Cir. 1982)). "Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if compelling reasons exist." In re Bellsouth Corp., 334 F.3d 941, 961 (11th Cir. 2003) (internal quotation marks omitted). This Court's Local Rules incorporate Florida's Rules of Professional Conduct. S.D. Fla. L.R. 11.1(c). Florida's Rules thus provide the substantive standard for attorney conduct by which Pharma Supply's arguments for disqualification will be measured. See Blue Heron Beach Resort Developer, LLC v.

2

Branch Banking & Trust Co., No. 13-372, 2014 U.S. Dist. LEXIS 20427 at *7 (M.D. Fla. Feb. 19, 2014).

### III. DISCUSSION

In the Motion, Pharma Supply contends that Slenn's representation of Defendants in this action violates Rules 4-1.7, 4-1.9, and 4-3.7 of Florida's Rules of Professional Conduct. However, Rule 4-1.7 governs an attorney's duties to current clients, and does not apply to Slenn's relationship with Pharma Supply, a former client. Rule 4-1.9, relating to conflicts of interest involving a former client, is more germane. Nevertheless, even Rule 4-1.9 does not require Slenn's disqualification, because the Rule exists to prevent an attorney from switching sides in a conflict, but not to preclude lawyers from defending themselves against a client's claims. Finally, Rule 4-3.7, regarding a lawyer as a witness, does not provide a basis for disqualification, because Pharma Supply has not shown that Slenn will be called as a witness on Defendants' behalf. Pharma Supply therefore has failed to carry its burden of establishing grounds for disqualification, and the Motion will be denied.

#### A. Rule 4-1.7: Conflict of Interest; Current Clients

Rule 4-1.7 concerns a lawyer's duties to current clients in situations involving conflicts of interest. The Rule, entitled "Conflict of Interest; Current Clients," provides in pertinent part that a lawyer "must not represent a client if . . . there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Fla. R.P.C. 4-1.7(a)(2). Pharma Supply is not a current client of Slenn or Stein Law (see DE 28 at 6), and cannot avail itself of the protections Rule 4-1.7 provides to current clients. See Fenik v. One Water Place, No. 06-514, 2007 U.S. Dist.

3

LEXIS 10096 at *13–16 (N.D. Fla. Feb. 14, 2007) (former client could not assert conflicts under Rule 4-1.7, which creates duties running to current clients). The Court thus rejects Rule 4-1.7 as a basis for Slenn's disqualification.

### B. Rule 4-1.9: Conflict of Interest; Former Client

Rule 4-1.9, on the other hand, governs an attorney's duties to former clients, and applies to Slenn's relationship with Pharma Supply, his former client. The Rule provides in full:

> A lawyer who has formerly represented a client in a matter must not afterwards:
>
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;
>
> (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
>
> (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

Fla. R.P.C. 4-1.9.

Slenn represented Pharma Supply in its prior attempts to obtain reimbursement of legal fees relating to the DDI Litigation from Zurich. DE 34 at 2–3; DE 28-4. Slenn thus may not represent another person with interests materially adverse to Pharma Supply's interests in a substantially related matter without Pharma Supply's consent. See Fla. R.P.C. 4-1.9(a). A matter is "substantially related" to another if it involves the same transaction or legal dispute as the earlier representation. Fla. R.P.C. 4-1.9 cmt. The instant lawsuit involves the same transaction or dispute as Slenn's earlier representation of Pharma Supply: the reimbursement of Pharma Supply's legal fees

4

from Zurich. This action therefore is substantially related to Slenn's prior representation of Pharma Supply, and Slenn may not represent another person with interests materially adverse to Pharma Supply in this case. See Fla. R.P.C. 4-1.9(a). At first blush, Rule 4-1.9 appears to prohibit Slenn from representing Defendants against Pharma Supply herein.

However, a closer reading of Rule 4-1.9 reveals that its implications are not so clear-cut. The Rule prevents an attorney from representing "another person" with interests adverse to those of a former client. Is the attorney himself "another person" within the meaning of Rule 4-1.9? The comment to the Rule suggests that the answer is "no," and that the purpose of the Rule is to prevent an attorney from defecting to another side of a controversy without a client's consent, but not to handicap lawyers defending themselves against a client's claims. The comment specifically provides that an attorney should not undertake a "subsequent representation [that] can be justly regarded as a changing of sides in the matter in question." Fla. R.P.C. 4-1.9 cmt.

Because Rule 4-1.9 is intended to address situations where an attorney "changes sides," it does not apply with equal force to lawyers defending against a client's malpractice claims. For one, an attorney contesting the malpractice claims of a former client does not present the violation of trust that arises when a lawyer abandons a client in favor of an adverse party. Similarly, lawyers defending themselves against a former client's claims do not risk the disclosure of the client's confidential information to the client's other opponents, beyond whatever confidences the client may have waived by putting the representation at issue. For these reasons, numerous courts construing

similar rules of professional conduct[1] have allowed attorneys to represent themselves in matters adverse to a former client. See, e.g., Farrington v. Sessions, Fishman, Boisfontaine, Nathan, Winn, Butler & Barkley, 687 So. 2d 997, 1000–02 (La. 1997) (R.P.C. 1.9's prohibition on representing "another person" with interests adverse to former client does not prohibit lawyers from defending themselves against former client's malpractice claims); In re Wood, 634 A.2d 1340, 1342–43 (N.H. 1993) (R.P.C. 1.9(a) does not apply to lawyer's *pro se* activities, and only applies to representation of another client adverse to former client).

In the instant suit, it is true that Slenn is not defending himself *pro se* against Pharma Supply's claims, and instead has appeared on behalf of Stein and Stein Law. However, much like an attorney defending *pro se* against a former client's suit, Slenn has not abandoned Pharma Supply to undertake the representation of one of Pharma Supply's opponents from previous substantially related matters. Slenn and Stein worked together, as attorneys with Stein Law, to pursue reimbursement of attorneys' fees for Pharma Supply. Slenn and Stein were ultimately unsuccessful in obtaining reimbursement for Pharma Supply. As a result, Pharma Supply filed this malpractice suit, seeking to recover from Slenn's law firm and partner—Stein and Stein Law—the fees it paid during the DDI Litigation on theories of negligence and money lent, and alleging other collateral wrongdoing. See generally DE 1.

---

[1] Florida's Rules of Professional Conduct are based upon the American Bar Association's ("ABA") Model Rules of Professional Conduct. United States v. Stewart, 931 F. Supp. 2d 1199, 1201 (S.D. Fla. 2013). Where Florida's courts are silent on the interpretation of the Rules, this Court may look to decisions of other states also adopting the Model Rules of Professional Conduct for guidance. See Lang v. Reedy Creek Improvement Dist., 888 F. Supp. 1143, 1144 n.2 (M.D. Fla. 1995).

6

Slenn's continued association with Stein and Stein Law under these circumstances does not suggest an impermissible "changing of sides in the matter in question." See Fla. R.P.C. 4-1.9 cmt. Indeed, upon the facts of this case it would not have been a surprise had Pharma Supply named Slenn himself as a defendant alongside his partner. Nor does Slenn's representation of Defendants threaten to reveal Pharma Supply's confidential information, as Defendants were already privy to Pharma Supply's confidences in their role as Pharma Supply's counsel in the DDI Litigation and subsequent pursuit of reimbursement. Slenn's representation of Defendants thus does not implicate the rationale underlying Rule 4-1.9, just as an attorney defending himself *pro se* against a client's claims does not violate the Rule.

More fundamentally, Pharma Supply has not identified any actual harm it would suffer were Slenn allowed to continue his representation of Defendants. Instead, Pharma Supply rests wholly on its assertion that the representation violates the letter of Florida's rules regarding conflicts of interest. But Pharma Supply has not presented the Court with any Florida precedent condemning an attorney's representation of his firm, or partners in his firm, against malpractice claims of a former client.

On the other hand, Louisiana's Supreme Court, interpreting Louisiana's Rule of Professional Conduct 1.9, which like Florida's Rule 4-1.9 has its roots in the ABA's Model Rules of Professional Conduct, has permitted such an arrangement. In Farrington v. Sessions, Fishman, Boisfontaine, Nathan, Winn, Butler & Barkley, the Supreme Court of Louisiana addressed a client's malpractice case against the lawyers who represented her in a prior lawsuit. 687 So. 2d 997. The Farrington defendants—the Sessions law firm and a number of its attorneys—represented themselves against the

7

former client. Id. at 998–99. The individual attorneys did not appear on a strictly *pro se* basis, and at times functioned as one another's counsel. For example, one defendant attorney represented his partner—another defendant attorney—in the partner's deposition. Id. at 998. The plaintiff objected to the structure of the defendants' representation under a handful of the Rules of Professional Conduct, including Rule 1.9. Id. at 998–1000.

Louisiana's Supreme Court rejected the plaintiff's challenge. The court found that Rule 1.9 does not apply in a person's lawsuit against his former lawyers. Id. at 1000–01. The court found that the Rule's prohibition on lawyers "represent[ing] another person" with interests adverse to those of a former client refers to the representation of someone other than the lawyers. Id. at 1001. The court also held that the plaintiff, by suing her former lawyers, had waived any complaint about having to "confront her former attorneys as advocates." Id. The court thus rejected the plaintiff's contention that Rule 1.9 prevented her former lawyers from representing themselves and each other against her malpractice claims. Id.

In the absence of guidance directly on point from Florida's courts, and bearing in mind that disqualification is a drastic remedy that should only be applied sparingly upon compelling circumstances (see Armor Screen Corp., 709 F. Supp. 2d at 1310), the Court finds the reasoning of Farrington persuasive. Pharma Supply can point to no real prejudice from Slenn's continued representation of Defendants. Nor does the representation give the impression that Slenn has "changed sides" to the detriment of his former client, or put Pharma Supply's confidences at risk. Indeed, it seems that Pharma Supply seeks Slenn's disqualification for largely tactical reasons. Cf. Yang

Enters., Inc. v. Georgalis, 988 So. 2d 1180, 1183 (Fla. 1st DCA 2008) (motions for disqualification "are generally viewed with skepticism because they are often interposed for tactical purposes" (internal quotation marks omitted)). The Court thus determines that neither the text nor purpose of Rule 4-1.9 of Florida's Rules of Professional Conduct requires Slenn's disqualification, and rejects the Motion to the extent it rests upon Rule 4-1.9.

### C. Rule 4-3.7: Lawyer as Witness

Finally, Pharma Supply argues that Slenn should be disqualified under Rule 4-3.7 because he is likely to be called as a witness in this action. Rule 4-3.7 of Florida's Rules of Professional Conduct provides that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client" unless certain exceptions are satisfied. However, because the restrictions of Rule 4-3.7 apply when a lawyer may testify as a necessary witness "on behalf of the client," Rule 4-3.7 generally is not implicated when a party does not intend to call its own lawyer as a witness. AlliedSignal Recovery Trust v. AlliedSignal, Inc., 934 So. 2d 675, 678 (Fla. 2d DCA 2006); see also Shaw v. Broad & Cassel, P.A., No. 11-23689, 2012 U.S. Dist. LEXIS 12054 at *17–19 (S.D. Fla. Feb. 1, 2012) ("The focus of the analysis under Rule 4-3.7 is on the prejudice to the client, not prejudice to the opposing side who may call the attorney as a witness."). Defendants have disclaimed any intent to call Slenn as a witness (DE 34 at 6), thus Rule 4-3.7 does not apply.

It is true that Rule 4-3.7 can, in limited circumstances, function to disqualify an attorney called as a witness by a party opposing his client. However, the attorney called by the opposing party will be disqualified only "if the attorney's testimony will be sufficiently adverse to the factual assertions or account of events offered on behalf of

9

the client." Alto Constr. Co. v. Flagler Constr. Equip., LLC, 22 So. 3d 726, 728 (Fla. 2d DCA 2009). Pharma Supply, which bears the burden of establishing grounds for disqualification (see Armor Screen Corp., 709 F. Supp. 2d at 1310), has not provided any indication that it intends to call Slenn as a witness, or that Slenn's testimony is sufficiently adverse to Defendants to require his disqualification. Accordingly, Pharma Supply has failed to establish that Slenn should be disqualified under Rule 4-3.7, even were Pharma Supply itself to call Slenn as a witness.

**IV.   CONCLUSION**

In short, Pharma Supply has not established grounds for disqualification of Slenn as counsel for Defendants under Rules 4-1.7, 4-1.9, or 4-3.7 of Florida's Rules of Professional Conduct. It is thereupon

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Disqualify Defense Counsel [DE 28] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of August, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF