UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80374-CIV-COHN/SELTZER

PHARMA SUPPLY, INC.,

    Plaintiff,

v.

MITCHELL A. STEIN and STEIN LAW, P.C.,

    Defendants,

v.

FRANK SUESS, STEVEN THUSS, OLIVER
SUESS, NATIONAL HOME RESPIRATORY
SERVICES, INC. d/b/a DIABETIC SUPPORT
PROGRAM, DIABETIC SUPPLY OF
SUNCOAST, INC., JAMES P. SCHOOLEY,
ESQ., SCHOOLEY & ASSOCIATES, INC.,
DIGITAL E-TECHNOLOGIES, INC., and
DOES 1 through 5,

    Third-Party Defendants.
_____/

**ORDER GRANTING MOTIONS TO DISMISS
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Dismiss Counterclaim [DE 66], Third-Party Defendant Digital E-Technologies, Inc.'s Motion to Dismiss Third-Party Claim [DE 91], and Third-Party Defendants Frank Suess, Steven Thuss, Oliver Suess, National Home Respiratory Services, Inc., and Diabetic Supply of Suncoast, Inc.'s Motion to Dismiss Third-Party Claim [DE 103–05]. The Court has reviewed the Motions and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein the Court will grant the Motions, and will dismiss Defendants' Counterclaims and Third-Party Complaint with leave to replead.

I. **BACKGROUND**

Plaintiff Pharma Supply, Inc. ("Pharma Supply") commenced this action on March 17, 2014, against its former counsel, Defendant Mitchell A. Stein and his law firm, Stein Law, P.C. ("Stein Law"). See generally DE 1. Pharma Supply bases its claims upon Defendants' alleged professional negligence and their failure to repay a loan. Id. ¶¶ 42–66.

Defendants responded to Pharma Supply's Complaint with a motion to dismiss, and the Court denied that motion on August 14, 2014. DE 39. Defendants accordingly filed an Answer on September 2, 2014. See DE 47. With their Answer, Defendants also filed their Counterclaims and Third-Party Complaint, which substantially broadened the scope of this action to include allegations of varied misconduct against several Third-Party Defendants. See id. ¶¶ 78–283. Pharma Supply in turn moved to dismiss Defendants' claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the claims are insufficiently pled and fail as a substantive matter. The moving Third-Party Defendants, Digital E-Technologies, Inc., Frank Suess, Steven Thuss, Oliver Suess, National Home Respiratory Services, Inc., and Diabetic Supply of Suncoast, Inc., have also filed motions adopting Pharma Supply's arguments for dismissal. See DE 91 & 103.

II. **LEGAL STANDARD**

Under Rule 12(b)(6), a court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must give a

2

defendant fair notice of the plaintiff's claims and the grounds upon which they rest. Id. Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. A well-pled complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556 (internal quotation marks omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

### III. DISCUSSION

Before addressing the merits of Defendants' claims, Pharma Supply argues that the Counterclaims and Third-Party Complaint should be dismissed as a shotgun pleading. The Court agrees with Pharma Supply that Defendants have filed a shotgun pleading that fails to give Pharma Supply and the Third-Party Defendants fair notice of the basis for the claims against them. Accordingly, the Court will dismiss the Counterclaims and Third-Party Complaint, but will grant Defendants an opportunity to file an amended pleading.

"The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295

(11th Cir. 2002). A shotgun complaint therefore may "fail[ ] to link adequately a cause of action to its factual predicates" (Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1275 (11th Cir. 2006)), making it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" (Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996)). The Eleventh Circuit has "roundly, repeatedly and consistently condemn[ed]" shotgun pleadings. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008). When faced with a shotgun pleading, a district court should require the offending party to replead. United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006).

Defendants begin their Counterclaims and Third-Party Complaint with 128 paragraphs of general factual allegations. These allegations portray backstabbing, commercial intrigue, and a quest for profits at the expense of public safety that would be at home in any number of television dramas. Defendants emphasize the wrongfulness of Pharma Supply's and the Third-Party Defendants' alleged misconduct with liberal invective. Unfortunately, the impact of Defendants' allegations is reduced by their rambling, error-laden presentation, typified by the following paragraph:

> Simply put, Suess <u>knew</u> it would not work for DDI and would be a dead violation of applicable FDA regulations for DDI and yet, despite such knowledge, <u>sent TP defendants down the identical, immoral, unethical and illegal dead end</u>[ ]. Thus, if nothing more, Suess, is singularly guilty of bad faith, breach of fiduciary duties, dishonesty, and outright life-threatening misbehavior to the public, to the customer base that his son, TP defendant O. Suess, had spent virtually a decade cultivating and culling as if under a first-tier standard, now receiving TP defendants' sub-sub-sub standard product, reducing the value of the Advocate brand to below zero in one swath of his scorched-earth circumvention wheel of business relationships and behaviors, and thus TP plaintiffs' 20% interest in Venture revenue.

DE 47 ¶ 199.

After this lengthy and difficult-to-follow section of general factual allegations, Defendants enumerate their claims. Defendants assert ten causes of action against Pharma Supply and the Third-Party Defendants. Each count incorporates by reference the entirety of Defendants' general factual allegations, in addition to the allegations of each count that precedes it. See id. ¶¶ 207–83.

A number of Defendants' counts contain sweeping assertions untethered to specific facts among the jumble of incorporated allegations. For example, Defendants' sixth cause of action, for breach of fiduciary duties, reads as follows:

> 254. TP plaintiffs incorporate paragraphs 78–253 as if set forth fully herein.
>
> 255. TP defendants owed strict fiduciary duties to TP plaintiffs as aforesaid.
>
> 256. TP defendants breached their fiduciary duties as indicated hereinabove.
>
> 257. TP defendants['] breaches of fiduciary duties were willful and deliberate.
>
> 258. As a direct and proximate result of TP defendants' wil[l]ful and intentional breaches of fiduciary duties, TP plaintiffs have been damage[d] in [an] amount in excess of $14,010,634.22 . . . .

Id. ¶¶ 254–58. The result is a shotgun pleading that fails to link each cause of action to its factual predicates.

The Court thus determines that Defendants' Counterclaims and Third-Party Complaint are—notwithstanding Defendants' protestations—a shotgun pleading incapable of giving Pharma Supply and the Third-Party Defendants fair notice of the basis for the claims against them. The Court therefore will require Defendants to replead their claims. See Twombly, 550 U.S. at 555; McInteer, 470 F.3d at 1354 n.6.

In drafting their amended counterclaims and third-party claims, Defendants should obviously take care to avoid creating another shotgun pleading. In other words, Defendants should reference in each count of their amended pleading only the relevant factual allegations, and should not incorporate into each count the entirety of every preceding count.

Defendants would also do well to review Rule 8(a)(2) of the Federal Rules of Civil Procedure, which provides that a party asserting a cause of action must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Defendants' pleading fails to live up to this standard, even apart from the attributes that render it a shotgun complaint. The document is thick with hyperbole and allegations of wrongdoing that appear immaterial to any of the claims asserted, and which result in a lengthy, confusing pleading where a short and plain one is required.

The Court recognizes that the dispute underlying this case is unusually contentious, and that the parties desire to communicate the full extent of the injustices they perceive. But each of the parties' filings serves a legal purpose, and must be tailored to that purpose. Accordingly, the parties should limit any future pleadings to the facts underlying their claims and defenses; they should exclude attacks on the character or practices of the opposing parties that are unnecessary to state a claim for relief. The parties likewise should seek simplicity in their motion papers, where the legal arguments of both Pharma Supply and Defendants are obscured by what Pharma Supply has referred to as "purple prose." See DE 87 at 5.

Finally, the Court takes this opportunity to express its concern at the flexible relationship the parties appear to have with the facts of this case. In its Complaint,

Pharma Supply asserted a claim for money lent upon a loan it now acknowledges was repaid. See DE 69 at 12. On the other hand, Defendants have characterized documents in a manner not supported by the record, for example by citing to a series of communications and agreements for the proposition that a payment from Zurich/Maryland Casualty Co. was "expressly designated solely for [Stein Law's] attorneys' fees" (DE 55 at 10), though the referenced materials do not reflect any such express designation.

As a result of these and other questionable assertions, this action rests uncomfortably upon a shifting factual landscape. Without forecasting the resolution of the multiple pending motions for sanctions, the Court cautions the parties that misrepresentations of fact will not be tolerated. The Court will not hesitate to impose sanctions—which may include monetary penalties or the striking of claims or defenses—where appropriate. Nevertheless, the Court does not make any findings of misconduct, and only desires to put the parties on notice at this time.

## IV.   CONCLUSION

The Court finds that Defendants' Counterclaims and Third-Party Complaint fail to satisfy the pleading standards set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Rule 8 of the Federal Rules of Civil Procedure. The Court therefore will dismiss Defendants' claims with leave to amend. Because the Court will allow Defendants to replead their claims, it declines to address Pharma Supply's substantive concerns with the claims as currently stated. It is accordingly

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Counterclaim [DE 66], Third-Party Defendant Digital E-Technologies, Inc.'s Motion to Dismiss Third-Party Claim [DE 91], and Third-Party Defendants Frank Suess, Steven Thuss, Oliver

Suess, National Home Respiratory Services, Inc., and Diabetic Supply of Suncoast, Inc.'s Motion to Dismiss Third-Party Claim [DE 103–05] are **GRANTED**. Defendants' Counterclaims and Third-Party Complaint [DE 47 at 12–71] are **DISMISSED without prejudice**. It is further

**ORDERED AND ADJUDGED** that Defendants shall file any amended counterclaims or third-party claims on or before **February 11, 2015**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of January, 2015.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF