UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80374-CIV-COHN/SELTZER

PHARMA SUPPLY, INC.,

    Plaintiff,

v.

MITCHELL A. STEIN and STEIN LAW, P.C.,

    Defendants,

v.

FRANK SUESS, STEVEN THUSS, OLIVER
SUESS, NATIONAL HOME RESPIRATORY
SERVICES, INC. d/b/a DIABETIC SUPPORT
PROGRAM, DIABETIC SUPPLY OF
SUNCOAST, INC., JAMES P. SCHOOLEY,
ESQ., SCHOOLEY & ASSOCIATES, INC.,
DIGITAL E-TECHNOLOGIES, INC., and
DOES 1 through 5,

    Third-Party Defendants.
_____/

## ORDER DENYING STEIN'S MOTION TO DISMISS SCHOOLEY'S COUNTERCLAIM

**THIS CAUSE** is before the Court upon Defendant Mitchell A. Stein's Motion to Dismiss Third-Party Defendant James P. Schooley's Counterclaim [DE 92] ("Motion"). The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will deny the Motion.

**I.  BACKGROUND**

The many claims, counterclaims, and third-party claims in this case arise from a complicated history among the parties—a history largely irrelevant to the resolution of

the Motion. The Motion pertains only to a single, straightforward counterclaim by Schooley against Stein to recover the balance due on a promissory note.

In his Counterclaim, Schooley alleges that he lent Stein $48,000 in November 2011. DE 86 ¶¶ 5–6.[1] The loan was memorialized in a promissory note (the "Note"), which Schooley has attached as an exhibit to his Counterclaim. Id. ¶ 6; DE 86-1 (Note). The Note provided that Stein was to repay the principal of the loan, plus compound interest accruing at the rate of 1.5% per month, in a series of monthly payments commencing December 2011. In the event of default, Schooley was entitled to accelerate the loan, and also to recover costs and attorneys' fees incurred during collection.

At first, Stein made payments on the loan as required by the Note. However, Stein defaulted in August 2012, and refused to make any further payments. DE 86 ¶ 7. Schooley thus filed his Counterclaim seeking to recover the amount outstanding under the Note. Schooley seeks a balance of $18,257.24 as of October 12, 2014, plus interest, together with costs and attorneys' fees. Id. ¶ 8.

Stein has responded to Schooley's Counterclaim with his Motion. In the Motion, Stein argues that materials already in the record demonstrate that Schooley has recouped the amounts due under the Note, thus cannot state a claim for money lent. DE 92 at 5–6. The Court now turns to the merits of Stein's Motion.

---

[1] For the purpose of resolving the Motion, the Court adopts as true the facts alleged in Schooley's Counterclaim. See Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents, 633 F.3d 1297, 1301 n.3 (11th Cir. 2011).

## II. LEGAL STANDARD

Stein invokes Rule 12(b)(6) of the Federal Rules of Civil Procedure as a basis for the relief he seeks. DE 92 at 2. Under Rule 12(b)(6), a court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must give a defendant fair notice of the plaintiff's claims and the grounds upon which they rest. Id. Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. A well-pled complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556 (internal quotation marks omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

## III. DISCUSSION

In the Motion, Stein argues that Schooley's Counterclaim must fail because Schooley already recovered the amounts due under the Note. Stein contends that evidence in the record shows that in mid-2013, Schooley received funds from a settlement between Plaintiff and its insurer as reimbursement for the loan to Stein. Stein

3

argues that the funds Schooley received were sufficient to extinguish Stein's liability on the Note, precluding Schooley's Counterclaim against him. DE 92 at 6 (citing DE 47-2 at 1–3, 18).

In response, Schooley acknowledges that he received funds from Plaintiff's insurance settlement. However, Schooley disputes that these funds were earmarked exclusively for payment on the Note, or that the funds were sufficient to cover the full amount of Stein's debt. DE 100 at 2–4. Schooley has offered competing interpretations of the documents relied upon by Stein, together with calculations showing that Stein still owes principal, interest, costs, and attorneys' fees. Id.; DE 100-1.

Even presuming that the many documents Stein cites are properly before the Court on his Rule 12(b)(6) motion, those documents do not unequivocally show that the settlement funds fully compensated Schooley for the amounts still owing under the Note. And indeed, Schooley contests that he has been fully repaid. In other words, Stein's arguments raise disputed issues of material fact inappropriate for resolution on a motion to dismiss. See, e.g., Page v. Postmaster Gen., 493 F. App'x 994, 995–96 (11th Cir. 2012) (per curiam) (district court may not resolve factual disputes on motion to dismiss); United States v. Sulzbach, No. 07-61329, 2008 WL 1771841 at *2 (S.D. Fla. Apr. 15, 2008) (same). It is accordingly

**ORDERED AND ADJUDGED** that Defendant Mitchell A. Stein's Motion to Dismiss Third-Party Defendant James P. Schooley's Counterclaim [DE 92] is **DENIED**. It is further

4

**ORDERED AND ADJUDGED** that Mitchell A. Stein shall file any response in opposition to James P. Schooley's Motion for Summary Judgment [DE 125] no later than March 13, 2015.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of February, 2015.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF