UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80374-CIV-COHN/SELTZER

PHARMA SUPPLY, INC.,

    Plaintiff,

v.

MITCHELL A. STEIN and STEIN LAW, P.C.,

    Defendants,

v.

FRANK SUESS, STEVEN THUSS, OLIVER SUESS, NATIONAL HOME RESPIRATORY SERVICES, INC. d/b/a DIABETIC SUPPORT PROGRAM, DIABETIC SUPPLY OF SUNCOAST, INC., a Florida corporation, DIABETIC SUPPLY OF SUNCOAST, INC., a Puerto Rico corporation, JAMES P. SCHOOLEY, ESQ., SCHOOLEY & ASSOCIATES, INC., DIGITAL E-TECHNOLOGIES, INC., and DOES 1 through 5,

    Third-Party Defendants.
_____/

## ORDER DENYING SCHOOLEY'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon James P. Schooley, Esq.'s Motion for Summary Judgment [DE 125]. The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Motion will be denied.

**I.**   **BACKGROUND**

Third-Party Defendant James P. Schooley's Motion pertains to his Counterclaim against Defendant Mitchell A. Stein. In the Counterclaim, Schooley alleges that he lent

Stein $48,000 in November 2011. DE 86 ¶¶ 5–6. The loan was memorialized in a promissory note (the "Note"), which Schooley has attached as an exhibit to his Counterclaim. Id. ¶ 6; DE 86-1. The Note provided that Stein was to repay the principal of the loan, plus compound interest accruing at the rate of 1.5% per month, in a series of monthly payments commencing December 2011. In the event of default, Schooley was entitled to accelerate the loan or garnish Stein's income, and also to recover costs and reasonable attorneys' fees incurred during collection.

At first, Stein paid as required by the Note. However, Stein defaulted in August 2012, and refused to make further payments. DE 86 ¶ 7. Schooley thus filed his Counterclaim seeking to recover the amount outstanding under the Note. In the Counterclaim, Schooley seeks a balance of $18,257.24 as of October 12, 2014, plus interest, together with costs and attorneys' fees. Id. ¶ 8. In the Motion, Schooley now asks the Court to grant him judgment on his claim in the amount of $27,674.79, plus interest accruing from February 13, 2015. DE 125 at 4.

## II. **LEGAL STANDARD**

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that "there is an absence of evidence to support the nonmoving party's case." Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576–77 (11th Cir. 1990). In deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

## III. DISCUSSION

Schooley's Counterclaim raises a single cause of action for the recovery of money due under the Note. Stein does not appear to contest the validity of the Note, or that in 2012 he stopped making payments on the Note. The sole dispute therefore involves the outstanding amount that Schooley is entitled to recover under the Note. Schooley has attached to his Motion a spreadsheet reflecting the amount he contends is due. See DE 125-1. However, Schooley calculates interest in a manner unsupported by the Note. Further, factual questions remain as to the reasonableness of the attorneys' fees Schooley seeks in relation to past collection efforts. Accordingly, Schooley's Motion seeking summary judgment on his claim for amounts owed under the Note will be denied.

First, Schooley has incorrectly calculated the accrual of interest under the Note. The Note provides that compound interest shall accrue on the outstanding principal at the rate of 1.5% per month. The Note further states that, "[i]n the event of default, [Stein] agrees to pay any and all costs of collection plus reasonable attorney's fees if any." DE 86-1. The Note does not, however, provide that costs and fees incurred during collection should be capitalized into the compounding principal. The spreadsheet Schooley has attached to the Motion shows that he has improperly capitalized collection expenses into the principal in arriving at the amount of Stein's alleged debt. See DE 125-1. Accordingly, Schooley's calculations do not accurately reflect the amount he should recover on the Note.

Second, the Note provides that Schooley is only entitled to recover "reasonable" attorneys' fees arising from collection efforts. DE 86-1. Though Schooley has submitted invoices relating to collection on the Note, he has not provided sufficient information to allow the Court to determine, as a matter of law, the reasonableness of the underlying fees. Cf. S.D. Fla. L.R. 7.3(a). Stein, for his part, disputes the reasonableness of those fees. DE 161 at 12–14. Because factual issues remain on this point, and also regarding the amount of interest that has accrued on Stein's debt, summary judgment on the sum due to Schooley on his claim under the Note would be premature. See Travelers Cas. & Sur. Co. of Am. v. Grace & Naeem Uddin, Inc., No. 08-61868, 2009 WL 3878297 at *7 (S.D. Fla. Nov. 18, 2009); MBNA Am. Bank, N.A. v. Paradise, 285 A.D.2d 586 (N.Y. App. Div. 2001).

The Court further rejects Schooley's suggestion in his Reply that the Court should grant summary judgment on the issue of liability, even if the extent of damages

4

is unclear. See DE 180 at 5–10. Given the uncertainty regarding the balance owing to Schooley on the Note at any given time, questions regarding the reasonableness of expenses incurred during collection attempts, and the substantial amount which Schooley has already recovered under the Note—which appears to total at least $55,200.14 as of August 12, 2013 (see DE 125-4 ¶¶ 4–5; DE 160 ¶ 22)—the Court cannot determine at this time that Schooley has suffered uncompensated damages as a matter of law. Because damages are an essential element of Schooley's claim for breach of the Note (see Hampshire Properties v. BTA Bldg. & Developing, Inc., 122 A.D.3d 573, 573 (N.Y. App. Div. 2014); Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. 2d DCA 2006)), judgment on the issue of liability is similarly premature. It is accordingly

**ORDERED AND ADJUDGED** that James P. Schooley, Esq.'s Motion for Summary Judgment [DE 125] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of May, 2015.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF