UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80374-CIV-COHN/SELTZER

PHARMA SUPPLY, INC.,

    Plaintiff,

v.

MITCHELL A. STEIN and STEIN LAW, P.C.,

    Defendants,

v.

FRANK SUESS, STEVEN THUSS, OLIVER
SUESS, NATIONAL HOME RESPIRATORY
SERVICES, INC. d/b/a DIABETIC SUPPORT
PROGRAM, DIABETIC SUPPLY OF
SUNCOAST, INC., JAMES P. SCHOOLEY,
ESQ., SCHOOLEY & ASSOCIATES, INC.,
DIGITAL E-TECHNOLOGIES, INC., and
DOES 1 through 5,

    Third-Party Defendants.
_____/

## ORDER DENYING MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR FOR NEW TRIAL

**THIS CAUSE** is before the Court upon Defendants' Post-Trial Motion for Judgment Notwithstanding Verdict or, Alternatively, for New Trial [DE 345] ("Motion"). The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises.

In the Motion, Defendants move under Rules 50 and 59 of the Federal Rules of Civil Procedure for judgment in their favor on their counterclaims and third-party claims, or alternatively for a new trial. As a basis for their request, Defendants argue that the

jury's findings of no liability on their claims were against the clear weight of the evidence.

However, a jury's findings are entitled to substantial deference. Judgment as a matter of law under Rule 50 may be granted only if the facts and inferences, viewed in the light most favorable to the opposing party, "point so strongly and overwhelmingly in favor of one party the Court believes that reasonable men could not arrive at a contrary verdict." Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989) (internal quotation marks omitted). Similarly, a motion for a new trial under Rule 59 should be granted on evidentiary grounds only if "the verdict is against the great—not merely the greater—weight of the evidence." Ins. Co. of N. Am. v. Valente, 933 F.2d 921, 922–23 (11th Cir. 1991) (internal quotation marks omitted).

Upon review of the trial record, the Court determines that substantial evidence supports the jury's verdict. Defendants are entitled to neither judgment under Rule 50 nor a new trial under Rule 59. The Court further denies Defendants' request to amend their third-party claims post-trial to allow for liability of Third-Party Defendant James P. Schooley on grounds beyond those pled, as granting this request would cause undue prejudice to Schooley. See Molinos Valle Del Cibao v. Lama, 633 F.3d 1330, 1351–52 (11th Cir. 2011). Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Post-Trial Motion for Judgment Notwithstanding Verdict or, Alternatively, for New Trial [DE 345] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Defendants' Motion for Leave to File Their Post-Trial Motion with a 25 Page Limit, Nunc Pro Tunc [DE 347] is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of August, 2015.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF